UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CINSIA CIOLINO and ALFONSO CIOLINO, | * * * |
| Plaintiffs, | * * |
| v. | * Civil Action No. 13-cv-13300-ADB * |
| AARON EASTMAN, et al., | * * |
| Defendants. | * |

**ORDER ON MOTIONS IN LIMINE**

BURROUGHS, D.J.

  In this action, Plaintiffs Alfonso and Cinsia Ciolino seek to recover for injuries allegedly sustained when Alfonso ("Mr. Ciolino") was arrested in Gloucester, Massachusetts on June 30, 2013.[1] Defendants Aaron Eastman, David Earle, and George Gikas, all officers of the Essex County Sheriff's Department ("Defendants"), have filed two motions in limine seeking to exclude evidence at trial. First, Defendants move to exclude a 23-second video recording that purports to document a portion of the arrest incident between Mr. Ciolino and the defendant officers. [ECF No. 77]. Defendants also seek to exclude certain medical records of Mr. Ciolino. [ECF No. 76]. Plaintiffs have opposed both motions. [ECF Nos. 79, 80]. For the following reasons, both of Defendants' motions in limine are <u>DENIED</u> without prejudice to renewal at trial, as warranted.

---

[1] Plaintiffs' remaining claims include (1) violations of 42 U.S.C. § 1983, on the grounds that Defendants used excessive force during Mr. Ciolino's arrest; (2) conspiracy to violate Section 1983; (3) malicious prosecution; and (4) intentional infliction of emotional distress.

I. **Video Recording**

Defendants argue that the video should be excluded for two reasons. First, Defendants contend that the video is unduly prejudicial under Fed. R. Evid. 403 because it portrays only a small part of the confrontation between Mr. Ciolino and Defendants. The Court will not exclude the video on this ground. The video is indisputably relevant, as it documents the precise moment when Mr. Ciolino was arrested and allegedly injured. The Court finds that the video's probative value is not outweighed by its potentially prejudicial effect. Whether the video portrays the entire incident or not can be explored on direct and cross-examination of the witnesses at trial.

Second, Defendants argue that the video is inadmissible because Plaintiffs cannot authenticate it under Fed. R. Evid. 901. Defendants note that the videographer has not been identified, it is unclear whether the video was taken with a cell phone or a camcorder, and unknown if the video has been altered in any way.

Lack of knowledge about how the video was taken or whether it has been altered does not preclude authentication. The burden imposed by Rule 901 is a relatively modest one. The proponent need only "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Notably, this does not require the Court to find that the item is what the proponent claims it is—instead, the proponent need only introduce evidence sufficient for a jury to make that finding. See United States v. Alicea-Cardoza, 132 F.3d 1, 4 (1st Cir. 1997).  Further, Fed. R. Evid. 901(b) provides several examples of evidence that may support a finding of authenticity, one of which is "testimony of a witness with knowledge" that an item "is what it is claimed to be." Fed. R. Evid. 901(b)(1). Here, Plaintiffs intend to authenticate the video primarily through the testimony of percipient witnesses who were present when the incident occurred. At trial, these witnesses will be permitted to testify, on both direct and cross-examination, about whether the video accurately portrays the events in question.

Such testimony may be sufficient to support a finding that the video is authentic, even in the absence of testimony from the videographer, or evidence regarding the video's physical chain-of-custody. Circumstantial evidence alone can support a finding of authenticity. United States v. Hernandez Garcia, 215 F.3d 1312 (1st Cir. 2000) (unpublished) (citing United States v. Carrasco, 887 F.2d 794, 804 (7th Cir. 1989)). In United States v. Holmquist, the First Circuit held that a photograph's contents, "buttressed by indirect or circumstantial evidence, can form a sufficient basis for authentication even without the testimony of the photographer." 36 F.3d 154, 169 (1st Cir. 1994) (citing United States v. Clayton, 643 F.2d 1071, 1074 (5th Cir. 1981) ("A witness qualifying a photograph need not be the photographer or see the picture taken; it is sufficient if he recognizes and identifies the object depicted and testifies that the photograph fairly and correctly represents it.")). The Court perceives no meaningful distinction between a witness recognizing the contents of a photograph, and a witness recognizing the contents of a video recording. Therefore, although the Defendants are free to examine the witnesses about their "lack of personal knowledge regarding [the video's] preparation," see Holmquist, 36 F.3d at 169, the video is not inadmissible merely because its original source cannot be identified. Defendants' objections go to the weight, not the admissibility, of the evidence in question.[2]

Defendants' motion to exclude the video [ECF No. 77] is therefore DENIED. Defendants are free to renew their objection at trial if the evidence presented is insufficient to support a finding of authenticity.

---

[2] The Court also notes that the Defendants themselves relied upon the video as evidence in support of their Motion for Summary Judgment. [ECF No. 60, Exhibit J]. No party challenged the admissibility of the video evidence during summary judgment briefing.

## II. Medical Records

Defendants also move to exclude certain medical records pertaining to Mr. Ciolino's treatment after the incident. Specifically, Defendants take issue with various statements in the treatment records (presumably reported by health care providers) to the effect that Mr. Ciolino said he was "grabbed" by police officers, "thrown to the ground," and that he thereby "injured his right elbow and his shoulder."[3] Defendants argue that these records should be excluded as unduly prejudicial, because they contain statements referring to liability, rather than diagnosis or treatment.

The Court declines to exclude the medical records as unduly prejudicial under Fed. R. Evid. 403. The records are probative of the nature and extent of Mr. Ciolino's injuries, and their probative value is not outweighed by any potentially prejudicial effect. Further, although Defendants have not objected on hearsay grounds, the Court notes that the statements at issue would appear to be admissible as an exception to the hearsay rule, pursuant to Fed. R. Evid. 803(4) (permitting hearsay exception for statements made for, and reasonably pertinent to, medical diagnosis or treatment, which describe "medical history; past or present symptoms or sensations; their inception; or their general cause"). Therefore, Defendants' Motion to exclude medical records [ECF No. 76] is hereby <u>DENIED</u>, although the Defendants may renew their objection at trial with respect to specific documents. The Court will consider redacting certain portions of the medical records upon a sufficient showing of undue prejudice. <u>See</u> Fed. R. Evid. 403.

---

[3] The medical records at issue are not presently before the Court. Defendants have summarized excerpts from these records in their Motion in Limine. [ECF No. 76].

Finally, Plaintiffs' Motion in Limine to admit certified copies of medical and billing records [ECF No. 78] is provisionally <u>ALLOWED</u>.[4] Consistent with the my ruling on Defendants' Motion in Limine on this issue, I am inclined to allow such records to be admitted into evidence at trial, although Defendants may object to the admission of specific documents, and the Court reserves the right to exclude or redact any document at trial.

**SO ORDERED.**

Dated: January 6, 2016                                          /s/ Allison D. Burroughs
                                                                ALLISON D. BURROUGHS
                                                                DISTRICT JUDGE

---

[4] Defendants did not file an objection to this motion.