UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | Civil Action No. 13-13300-ADB |
| CINSIA AND ALFONSO CIOLINO ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| AARON EASTMAN, ) | |
| DAVID EARLE, ) | |
| GEORGE GIKAS, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

The Plaintiff in the above captioned matter respectfully requests that this Honorable

Court provide the attached instructions the jury. Plaintiff respectfully requests the right to

supplement and submit further instructions to conform with the evidence.

RESPECTFULLY SUBMITTED,
PLAINTIFF

Dated: January 13, 2015

  /s/ *Robert S. Sinsheimer*
Robert S. Sinsheimer, BBO No. 464940
Wesley B. Stoker, Esq. BBO No. 692159
Sinsheimer and Associates
92 State Street, 9th Floor
Boston, MA 02109
617-722-9954

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF System will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)
and paper copies will be sent to those indicated as non-registered participants on January 13,
2016.

*/s/ Robert S. Sinsheimer*

## DUTY OF THE JURY TO FIND FACTS FROM THE EVIDENCE ADMITTED

It is your duty to find the facts from the evidence admitted in this case. To those facts, you must apply the law as I give it to you. The determination of the law is my duty as the judge. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. In following my instructions, you must follow all of them, and not single out some and ignore others. They are all important.

You must not interpret these instructions, or anything I may have said or done, as a suggestion by me as to what verdict you should return—that is a matter entirely for you to decide.

BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

The plaintiff has the burden of proving his claims by what is called a preponderance of the evidence. This means that for the plaintiff to prevail, the jury must believe that what he claims is more likely true than not. To put it another way, if you were to put the plaintiffs evidence and the defendants' evidence on opposite sides of a scale, the plaintiff would have to make the scale tip, even slightly, in his direction.

# VERDICT BASED SOLELY ON THE EVIDENCE; IMPROPER CONSIDERATIONS

Your verdict must be based solely upon the evidence and according to the law. It would be improper for you to consider anything that is not evidence.

You may not base your verdict on any personal feelings, prejudices, or sympathies you may have about the plaintiff or the defendants or about the nature of the claims alleged.

## ALL PERSONS ARE EQUAL BEFORE THE LAW

This case should be considered and decided as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.

## THE EVIDENCE

The evidence in this case consists of the sworn testimony of witnesses, both on direct and cross-examination; the exhibits that have been received into evidence; and any facts to which the parties have agreed or stipulated. You should consider all of the evidence, no matter what form it takes, and no matter which party introduced it.

Whether the plaintiff has sustained its burden of proof does not depend upon the number of witnesses he has called, or upon the number of exhibits he has offered, but instead upon the nature and quality of the evidence presented.

# WHAT IS NOT EVIDENCE

Certain things are not evidence. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of the facts should control.

Questions by lawyers, standing alone, are not evidence. Again, the lawyers are not witnesses. The question and the answer taken together are the evidence.

Objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by any objection or by my ruling on it, and you should not speculate or guess about what the answer might have been or what an exhibit might have said.

Anything that I have struck or instructed you to disregard is not evidence. Anything you may have seen or heard when the court was not in session is not evidence. You must decide the case solely on the evidence received at trial.

# KINDS OF EVIDENCE—DIRECT AND CIRCUMSTANTIAL

Evidence may take the form of either "direct evidence" or "circumstantial evidence." "Direct evidence" is direct proof of a fact, such as testimony from an eyewitness that the witness saw something. "Circumstantial evidence" is indirect evidence; that is, proof of a fact (or facts) from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proved directly.

Let me give you an example. Your daughter might tell you one morning that she sees the mailman at your mailbox. That is *direct* evidence that the mailman has been to your house. On the other hand, she might tell you only that she sees mail in the mailbox. That is *circumstantial* evidence that the mailman has been there; no one has seen him, but you can reasonably infer that he has been there since there is mail in the box.

You are entitled to consider both direct and circumstantial evidence. The law permits you to give equal weight to both or to give greater weight to one or the other. It is for you to decide how much weight to give to any particular piece of evidence, whether direct or circumstantial.

# INFERENCES

Although you may consider only the evidence presented in the case, you are not limited to the plain statements made by witnesses or contained in the documents. In other words, you are not limited solely to what you saw and heard as the witnesses testified.

You are also permitted to draw reasonable inferences from the facts, if you believe those inferences are justified in light of common sense and personal experience. An inference is simply a deduction or conclusion that may be drawn from the facts that have been established. Any inferences you draw must be reasonable, and based on the facts as you find them. Inferences may not be based on speculation or conjecture.

## CAUTIONARY AND LIMITING INSTRUCTIONS

A particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

STIPULATIONS

Some of the evidence has been received in the form of stipulations. A stipulation simply means that the plaintiff and the defendant accept the truth of a particular proposition or fact. Because there is no disagreement, there is no need for evidence as to that issue apart from the stipulation. You may accept the stipulation as a fact to be given whatever weight you choose.

# CREDIBILITY OF WITNESSES

You do not have to accept the testimony of any witness if you find that the witness is not credible. You must decide which witnesses to believe, considering all of the evidence and drawing upon your common sense and personal experience. You may believe all of the testimony of a witness, or some of it, or none of it. You alone are the judges of the witnesses' credibility.

In deciding whether to believe testimony of the witnesses, you may want to take into consideration such factors as their conduct and demeanor while testifying; any apparent fairness or unfairness they may have displayed; any interest they may have in the outcome of the case; any prejudice or bias they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other evidence that tends to support or contradict their versions of the events.

# PRIOR INCONSISTENT STATEMENTS

The testimony of a witness may be discredited or impeached by showing that he or she previously made statements that are inconsistent with his or her present testimony. If a witness made inconsistent statements about any significant matter, you have a right to distrust the testimony of that witness in other respects. You may reject all of the testimony of that witness or give it such credibility as you may think it deserves.

Sometimes, of course, people make innocent mistakes, particularly as to unimportant details; not every contradiction or inconsistency is necessarily important. Again, you alone are the judges of the witnesses' credibility.

Some prior inconsistent statements may be used for purposes other than impeachment. If you find that a witness has made inconsistent statements under oath on an earlier occasion, such as in a deposition, you may consider that earlier statement for its truth or falsity, the same as any testimony at the trial.

OPINION TESTIMONY

You have heard testimony from persons who were permitted to explain certain technical issues or to express certain opinions about certain subjects. A witness who has special knowledge, skill, experience, training, or education on a particular topic may testify and provide an explanation or state an opinion concerning such matters.

You may accept or reject that testimony, in whole or in part. In weighing the testimony, you should consider the witness's education and experience and the soundness of the reasons given for the opinion. You should also consider the credibility of the testimony, as you would with any witness.

NOTE-TAKING

As I indicated at the beginning of the trial, you have been permitted to take notes, but some cautions apply. You should bear in mind that not everything that is written down is necessarily what was said. When you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in court. Notes are an aid to recollection, nothing more; the fact that something is written down does not mean that it is necessarily accurate.

EXHIBIT NUMBERS

The numbers assigned to the exhibits are for convenience and in order to ensure an orderly procedure. You should draw no inference from the fact that a particular exhibit was assigned a particular number.

# ELEMENTS OF THE CLAIMS—INTRODUCTION

I am now going to give you some instructions on the nature of the plaintiff's claims and what the plaintiff has to prove by a preponderance of the evidence in order to succeed on those claims.

The first claim, which I will call "Count 1," is brought under a federal law that permits individuals to enforce certain rights under the Unites States Constitution. That law provides a remedy for an individual who has been deprived of his or her constitutional rights by a police officer acting in his official capacity. For the sake of convenience, I will call that a "federal civil rights claim."

In this case, Alfonso Ciolino asserts that Aaron Eastman, David Earle, and George Gikas violated three specific constitutional rights: (1) his right not to be subject to excessive force; (2) the right to be free from arrest without probable cause; and (3) the right to be free from malicious prosecution without probable cause to believe he had committed a crime.   Mr. Ciolino states that he was harmed as a result.

The second claim, which I will call "Count 2," is for conspiracy to violate the civil rights of the plaintiff. Mr. Ciolino claims that Aaron Eastman, David Earle, and George Gikas conspired to deprive him of the equal protection of the law or of the equal privileges and immunities under the law, and that they acted in furtherance of the conspiracy, which resulted in the injury to Mr. Ciolino.

The third claim, which I will call "Count 3, is for the Intentional Infliction of Emotional Distress. Mr. Ciolino claims that Aaron Eastman, David Earle, and George Gikas acted intentionally with conduct that was extreme and outrageous given the circumstances, which resulted in substantial emotional distress to the Mr. Ciolino.

You must make separate findings, and render separate verdicts, as to each count.

I will now instruct you on the elements of each count.

# FEDERAL CIVIL RIGHTS CLAIM—ELEMENTS OF THE CLAIM

To establish a federal civil rights claim, the plaintiff must prove each of the following three elements by a preponderance of the evidence:

- First, that the acts complained of were committed by the defendant acting "under color of state law;

- Second, that in committing these acts, the defendant intentionally or recklessly deprived the plaintiff of rights secured by the Constitution of the United States; and

- Third, that the defendant's acts were the proximate cause of injuries sustained by the plaintiff.

I will explain each of those three elements in more detail.

## FEDERAL CIVIL RIGHTS CLAIM—FIRST ELEMENT—"UNDER COLOR OF" STATE LAW

The first element of a federal civil rights claim that the plaintiff must prove is that the acts complained of were committed by the defendants while acting "under color of state law." A police officer, acting within the scope of his employment, is acting "under color of state law" under ordinary circumstances. In this case, the parties do not dispute that at all relevant times the defendant was acting "under color of state law."

# FEDERAL CIVIL RIGHTS CLAIM—SECOND ELEMENT—DEPRIVATION OF CONSTITUTIONAL RIGHT

The second element of a federal civil rights claim that the plaintiff must prove is that the defendant, in committing the acts complained of, intentionally or recklessly deprived the plaintiff of rights secured by the Constitution.

In order to prove this element, the plaintiff must prove that (1) the defendant caused the plaintiff to suffer the loss of a federal constitutional right, and (2) the defendant acted with an intent to deprive the plaintiff of this right or with a reckless disregard of those rights.

FEDERAL CIVIL RIGHTS CLAIM—SECOND ELEMENT-DEPRIVATION OF
CONSTITUTIONAL RIGHT—SECURE AGAINST UNREASONABLE SEIZURE

The Fourth Amendment to the United States Constitution protects against "unreasonable seizure" by police officers. Plaintiff alleges that defendants violated his right to be secure against unreasonable seizure in two ways: he used "excessive force" against him during his arrest, and he arrested, detained, and prosecuted him without "probable cause."

Although both of these claims have to do with plaintiffs right to be free from "unreasonable seizure," they are proved in different ways.  I will now explain to you the elements of each of these alleged constitutional violations.

FEDERAL CIVIL RIGHTS CLAIM—SECOND ELEMENT-DEPRIVATION OF
CONSTITUTIONAL RIGHT—SECURE AGAINST UNREASONABLE
SEIZURE—EXCESSIVE FORCE

The Fourth Amendment to the United States Constitution protects against "unreasonable seizures." That includes, among other things, protection against the use of "excessive force" by police officers. Plaintiff contends that the defendants violated his constitutional right not to have "excessive force" used against him.

In making an arrest, a police officer is permitted to use such force as is reasonably necessary under the circumstances. In other words, a police officer engaged in an otherwise lawful stop is permitted to use the amount of force which a reasonable officer would have used under similar circumstances. A police officer is not, however, permitted to use unreasonable or excessive force.

Not every push or shove by a police officer will rise to the level of a violation of the Fourth Amendment.  In deciding whether a police officer used excessive force against a person, you should consider all of the circumstances. You may consider the fact that a police officer often makes split-second judgments in tense or uncertain circumstances. You may also consider other factors, including the following:

- the need for the use of force;
- the relationship between the need for force and the amount of force used;
- any efforts made by the police officer to temper or limit the amount of force
- the number of officers present;
- the severity of the alleged crime(s) at issue;
- arrest or attempting to evade arrest by fleeing
- the threat to public safety reasonably perceived by the police officer; and
- whether plaintiff was resisting the nature and extent of any injuries suffered by the plaintiff

You must decide whether the defendants use of force was excessive from the perspective of an objectively reasonable police officer facing the same circumstances that the defendant

officer faced at the time, not with the benefit of additional information gained in hindsight. A defendant's actual, or subjective, intent or motivation is not relevant.

FEDERAL CIVIL RIGHTS CLAIM—SECOND ELEMENT-DEPRIVATION OF
CONSTITUTIONAL RIGHT—SECURE AGAINST UNREASONABLE
SEIZURE—ARREST WITHOUT PROBABLE CAUSE

The United States Constitution's protection against "unreasonable seizure" also protects against arrest without due process of law. This means that a person may not be arrested without "probable cause." Alfonso Ciolino alleges that the defendants violated his right to be free from arrest without "probable cause."

There is probable cause for an arrest if, at the moment the arrest was made, a reasonable police officer under the circumstances would have believed that there was a reasonable likelihood that the plaintiff had committed or was committing a crime.

In deciding whether there was probable cause to arrest Alfonso Ciolino, you should consider all of the circumstances. The question must be considered from the perspective of a reasonable police officer under the circumstances at the time, exercising reasonable caution, and not with the benefit of additional information gained in hindsight.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that the police officer's belief was probably right.

The plaintiff does not have to prove that the police officer acted with malice, or with ill-will, in effecting the arrest.

The outcome of any later criminal proceedings arising out of the arrests has no bearing on the question whether there was probable cause at the time of the arrests.

FEDERAL CIVIL RIGHTS CLAIM—SECOND ELEMENT-DEPRIVATION OF
CONSTITUTIONAL RIGHT—SECURE AGAINST UNREASONABLE SEIZURE—ARREST
WITHOUT PROBABLE CAUSE—CRIMES FOR WHICH PLAINTIFF WAS ARRESTED

Defendants Eastman, Earle, and Gikas arrested plaintiff Ciolino for allegedly committing the crime of disorderly conduct.  In deciding whether there was probable cause to arrest the plaintiff, you should consider the elements of the offenses for which he was arrested.

Under Massachusetts law, an individual commits the crime of disorderly conduct if (1)*:* the suspect involved himself in at least one of the following actions: he *either* engaged in fighting or threatening, *or* engaged in violent or tumultuous behavior *or* created a hazardous or physically offensive condition by an act that served no legitimate purpose of the suspect; (2) the suspect's actions were reasonably likely to affect the public; and (3) the suspect *either* intended to cause public inconvenience, annoyance or alarm, *or* recklessly created a risk of public inconvenience, annoyance or alarm. See M.G.L. c. 272 § 53 and Commonwealth v. Sholley, 432 Mass. 721, 727 (2000), *affirmed in part, reversed in part* 432 Mass. 721, *cert. denied* 121 S.Ct. 1621, 532 U.S. 980.

However, disorderly conduct entails acts other mere speech, even of a coarse and vulgar nature, cannot be punished as a disorderly offense. See Nuon v. City of Lowell, 768 F. Supp. 2d 323, 331 (D. Mass. 2011).

"Public is defined as affecting or likely to affect persons in a place to which the public or a substantial group has access." Commonwealth v. Mulvey, 57 Mass.App.Ct. 579, 582 (2003).

The purpose of this law is to criminalize conduct that has a tendency to provoke violence in others.  Behavior that has an impact only on members of the police force is not disorderly.  It is an unfortunate but inherent part of a police officer's job to be in the presence of distraught individuals.  Police officers are trained to maintain order and are least likely to be provoked to disorderly responses. Commonwealth v. Mulvey, 57 Mass.App.Ct. 579, 584 (2003) citing Model Penal Code § 250.2 comment 7, at 350.

Furthermore, arguing with a police officer with clenched fists is not sufficient to permit an inference that the person is engaged in fighting or threatening behavior within the meaning of disorderly conduct. Com. v. Gardner, 84 Mass. App. Ct. 1101, 989 N.E.2d 934 (2013).

If you find that defendants Eastman, Earle, and Gikas had probable cause to arrest plaintiff Ciolino for disorderly conduct, then they cannot be found liable for violating his constitutional rights based on a theory of malicious prosecution. You may, however, find the defendants liable for violating the plaintiff's constitutional rights based on a theory of excessive force if you find that the elements of such a claim have been proved.

FEDERAL CIVIL RIGHTS CLAIM—SECOND ELEMENT—DEPRIVATION OF
CONSTITUTIONAL RIGHT— ARREST WITHOUT PROBABLE CAUSE

Because the arrest of Alfonso Ciolino was made without a warrant, defendants Eastman, Earle, and Gikas—not plaintiff Ciolino—have the burden of proving by a preponderance of the evidence that it was based on probable cause. This instruction as to the burden of proof applies to the malicious prosecution claim, which I will now explain to you.

FEDERAL CIVIL RIGHTS CLAIM—SECOND ELEMENT-DEPRIVATION OF
CONSTITUTIONAL RIGHT—SECURE AGAINST UNREASONABLE
SEIZURE— MALICIOUS PROSECUTION
OVERVIEW AND ELEMENTS

The United States Constitution's protection against "unreasonable seizure" also protects against arrest without due process of law. This means that a person may not be arrested without "probable cause." The right to be frees from seizure but upon probable cause also extends through the pretrial period. Alfonso Ciolino alleges that the defendants brought a criminal proceeding against him without probable cause and with an improper purpose in violation of his Fourth Amendment rights.

To establish a claim of malicious prosecution, the plaintiff must prove each of the following three elements by a preponderance of the evidence:

- First, that the defendant caused a seizure of the plaintiff pursuant to legal process;
- Second, such seizure was unsupported by probable cause; and
- Third, that the proceeding terminated in favor of the plaintiff.

Hernandez-Cuevas v. Taylor, 723 F.3d 91, 99-100 (1st Cir. 2013)

FEDERAL CIVIL RIGHTS CLAIM—SECOND ELEMENT-DEPRIVATION OF
CONSTITUTIONAL RIGHT—SECURE AGAINST UNREASONABLE
SEIZURE— MALICIOUS PROSECUTION

The first element of malicious prosecution that the plaintiff must prove is that the defendants caused a seizure of the plaintiff pursuant to the legal process.

A police officer causes a citizen to be seized when by means of physical force or show of authority the police officer in some way restrained the liberty of a citizen. Graham v. Connor, 490 U.S. 386, 395, n. 10 (U.S. 1989) (citing Terry v. Ohio, 392 U.S. 1 (1968)).

The moment a defendant becomes held pursuant to legal process differs depending on whether or not the defendant was arrested pursuant to a warrant.  In a case where an individual is arrested without a warrant, he is detained without process until, for example, he is bound over by a magistrate or arraigned on charges.  Here, the plaintiff alleges that the defendants arrested him without probable cause to do so and caused a criminal complaint to be filed against him.

Hernandez-Cuevas v. Taylor, 723 F.3d 91, 100 (1st Cir. 2013) (citing

FEDERAL CIVIL RIGHTS CLAIM—SECOND ELEMENT-DEPRIVATION OF
CONSTITUTIONAL RIGHT—SECURE AGAINST UNREASONABLE
SEIZURE— MALICIOUS PROSECUTION

The second element of malicious prosecution that the plaintiff must prove is that the seizure of the plaintiff was unsupported by probable cause.

There is probable cause for an arrest if, at the moment the arrest was made, a reasonable police officer under the circumstances would have believed that there was a reasonable likelihood that the plaintiff had committed or was committing a crime.

In deciding whether there was probable cause to arrest Alfonso Ciolino, you should consider all of the circumstances. The question must be considered from the perspective of a reasonable police officer under the circumstances at the time, exercising reasonable caution, and not with the benefit of additional information gained in hindsight.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that the police officer's belief was probably right.

The plaintiff does not have to prove that the police officer acted with malice, or with ill-will, in effecting the arrest.

The outcome of any later criminal proceedings arising out of the arrests has no bearing on the question whether there was probable cause at the time of the arrests.

FEDERAL CIVIL RIGHTS CLAIM—SECOND ELEMENT-DEPRIVATION OF
CONSTITUTIONAL RIGHT—SECURE AGAINST UNREASONABLE SEIZURE—
MALICIOUS PROSECUTION—CRIMES FOR WHICH PLAINTIFF WAS ARRESTED

Defendants Eastman, Earle, and Gikas arrested plaintiff Ciolino for allegedly committing the crime of disorderly conduct.  In deciding whether there was probable cause to arrest the plaintiff, you should consider the elements of the offenses for which he was arrested.

Under Massachusetts law, an individual commits the crime of disorderly conduct if (1)*:* the suspect involved himself in at least one of the following actions: he <u>*either*</u> engaged in fighting or threatening, *or* engaged in violent or tumultuous behavior *or* created a hazardous or physically offensive condition by an act that served no legitimate purpose of the suspect; (2) the suspect's actions were reasonably likely to affect the public; and (3) the suspect *either* intended to cause public inconvenience, annoyance or alarm, *or* recklessly created a risk of public inconvenience, annoyance or alarm. See M.G.L. c. 272 § 53 and <u>Commonwealth v. Sholley</u>, 432 Mass. 721, 727 (2000), *affirmed in part, reversed in part* 432 Mass. 721, *cert. denied* 121 S.Ct. 1621, 532 U.S. 980.

However, disorderly conduct entails acts other mere speech, even of a coarse and vulgar nature, cannot be punished as a disorderly offense. <u>See Nuon v. City of Lowell,</u> 768 F. Supp. 2d 323, 331 (D. Mass. 2011).

"Public is defined as affecting or likely to affect persons in a place to which the public or a substantial group has access." <u>Commonwealth v. Mulvey</u>, 57 Mass.App.Ct. 579, 582 (2003).

The purpose of this law is to criminalize conduct that has a tendency to provoke violence in others.  Behavior that has an impact only on members of the police force is not disorderly.  It is an unfortunate but inherent part of a police officer's job to be in the presence of distraught individuals.  Police officers are trained to maintain order and are least likely to be provoked to disorderly responses. <u>Commonwealth v. Mulvey</u>, 57 Mass.App.Ct. 579, 584 (2003) citing Model Penal Code § 250.2 comment 7, at 350.

Furthermore, arguing with a police officer with clenched fists is not sufficient to permit an inference that the person is engaged in fighting or threatening behavior within the meaning of disorderly conduct. <u>Com. v. Gardner</u>, 84 Mass. App. Ct. 1101, 989 N.E.2d 934 (2013).

If you find that defendants Eastman, Earle, and Gikas had probable cause to arrest plaintiff Ciolino for disorderly conduct, then they cannot be found liable for violating his constitutional rights based on a theory of malicious prosecution.  You may, however, find the defendants liable for violating the plaintiff's constitutional rights based on a theory of excessive force if you find that the elements of such a claim have been proved.

FEDERAL CIVIL RIGHTS CLAIM—SECOND ELEMENT—DEPRIVATION OF
CONSTITUTIONAL RIGHT—MALICIOUS PROSECUTION-BURDEN OF PROOF

Because the arrest of Alfonso Ciolino was made without a warrant, defendants Eastman, Earle, and Gikas—not plaintiff Ciolino—have the burden of proving by a preponderance of the evidence that it was based on probable cause. This instruction as to the burden of proof applies to the malicious prosecution claim, which I will now explain to you.

FEDERAL CIVIL RIGHTS CLAIM—SECOND ELEMENT—DEPRIVATION OF
CONSTITUTIONAL RIGHT—MALICIOUS PROSECUTION
TERMINATION IN THE PLAINTIFF'S FAVOR

      The third element of malicious prosecution that the plaintiff must prove is that the criminal proceedings, caused by the defendants, terminated in plaintiff's favor.  A criminal proceeding is terminated in a plaintiffs favor if the plaintiff is acquitted of the charges. However, the plaintiff need not endure a full trial and acquittal in order successfully to allege malicious prosecution. Rather, criminal proceedings may be terminated in favor of the accused by the discharge of the charges by a magistrate at a preliminary hearing.

Damon v. Hukowicz, 964 F. Supp. 2d 120, 140 (D. Mass. 2013) (citing Gouin v. Gouin, 249 F. Supp. 2d 62, 72 (D. Mass. 2003); Restatement (Second) of Torts, § 659)).

# FEDERAL CIVIL RIGHTS CLAIM—SECOND ELEMENT—INTENT

To prove a federal civil rights claim, the plaintiff must not only show that the defendants' acts violated his constitutional rights, but also that the defendants acted intentionally—that is, that he took those acts with an intent to deprive the plaintiff of his rights or with reckless indifference to those rights.

An act is "intentional" if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or another innocent reason.

An act is "reckless" if it is done in conscious disregard of its known probable consequences. In other words, even if the defendants did not intentionally seek to deprive the plaintiff of his rights, if they nevertheless purposely disregarded the high probability that their actions would deprive the plaintiff of his rights, then the requirement of intent would be satisfied.

Merely negligent conduct, or conduct that is the result of accident, mistake, or neglect, may not form the basis of a federal civil rights claim.

# FEDERAL CIVIL RIGHTS CLAIM—THIRD ELEMENT—CAUSATION

The third element of a federal civil rights claim that the plaintiff must prove is that the defendants' acts were a "proximate cause" of the injuries he sustained. An act is a "proximate cause" of an injury if it was a substantial factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of the defendant's act.

When a defendant's wrongful act causes injury, he is fully liable for the resulting damage, even though the injured plaintiff had a pre-existing condition that made the consequences of the wrongful act more severe than they would have been for a normal person.

Furthermore, once a conspiracy is shown, all participants in an event may be held liable for the acts of another, without regard to whether or not a particular person engaged in a particular act.

## COUNT II – FEDERAL CIVIL RIGHTS CLAIM–CONSPIRACY

To have an actionable conspiracy claim, a plaintiff must establish (1) the existence of an express or implied agreement among the defendant officers to deprive the plaintiff of his civil rights, and (2) an actual deprivation of those rights resulting from the agreement. I have already instructed you on the rights which the plaintiff alleges the defendants deprived.

If you find either an implied or express agreement existed, or the plaintiff's civil rights were deprived, the defendants must only have a slight connection to link them with the conspiracy. This slight connection may be demonstrated by proof of the defendants' willful participation in the illegal objective with the intent to further the conspiracy.

## COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

To have an actionable claim for Intentional Infliction of Emotional Distress, the plaintiff must prove each of the following four elements by a preponderance of evidencet:

- First, that the defendants intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct;

- Second, that the conduct was extreme and outrageous, was beyond all possible bounds of decency and was utterly intolerable in a civilized community;

- Third, that the actions of the defendant were the cause of the plaintiff's distress; and

- (4) that the emotional distress sustained by the plaintiff was severe and of a nature that no reasonable man could be expected to endure it.

Limone v. United States, 579 F.3d 79, 94 (1st Cir. 2009) (citing Agis v. Howard Johnson Co., 371 Mass. 140 (1976).

## DAMAGES—INTRODUCTION

I will next instruct you on the subject of damages. The fact that I am instructing you on the law regarding damages is not an indication one way or the other that I think damages should be awarded. I am giving you these instructions on damages because I am required to charge you on all phases of the case that you might have to consider. If the plaintiff has not proved liability on a claim, then you should not consider the issue of damages as to that claim.

This case involves several distinct types of damages, and if you find for the plaintiff on any of his claims, you must consider these categories of damages separately.

## DAMAGES—ALL COUNTS—COMPENSATORY DAMAGES

If you find for the plaintiff on any of his claims, the first type of damages you may consider is compensatory damages. You should award damages in such amount as will fully and fairly compensate the plaintiff for any injury or other harm caused by the defendant.
It is the plaintiffs burden to prove, by a preponderance of the evidence, the nature and extent of any damages. You should award such damages as the plaintiff has established with a reasonable degree of certainty in light of the evidence and any reasonable inferences. A plaintiff need not provide evidence of a monetary value of any intangible losses, and any calculation of damages need not be based on complete certainty or mathematical precision. Instead, such a calculation should be a reasonable estimate of the amount necessary to compensate the plaintiff for his losses. However, any damages award should not be speculative or based on conjecture. Compensatory damages are not restricted to actual out-of-pocket losses. You may compensate the plaintiff for any bodily injury, pain and suffering, disability, mental anguish, or loss of capacity for the enjoyment of life that he experienced in the past or that he is reasonably certain to suffer in the future. You may also compensate the plaintiff for the reasonable cost of any reasonably-sought medical or psychological treatment and services or legal fees.

DAMAGES—ALL COUNTS—COMPENSATORY DAMAGES-NO DOUBLE RECOVERY

If you choose to award compensatory damages to the plaintiff on a particular claim, you must not award damages more than once for the same injury. A plaintiff is only entitled to be made whole, and may not recover more than he has lost.

## DAMAGES—ALL COUNTS—COMPENSATORY DAMAGES— PREJUDGMENT INTEREST

If you decide to award compensatory damages to the plaintiff, you must also decide whether to award prejudgment interest. You may award prejudgment interest if you conclude that it is necessary to compensate the plaintiff in full for any injury he suffered. The purpose of such an award,  should you choose to make it, is to take into account the fact that the plaintiff has not had the use of any damages you may award during the time this lawsuit has been pending. If you do award prejudgment interest, the actual sum will be computed by the clerk at the interest rate provided by law.

## DAMAGES—FEDERAL CIVIL RIGHTS—NOMINAL DAMAGES

If you return a verdict for the plaintiff on any alleged constitutional violation in count 1, but find that the plaintiff has failed to prove that he suffered any actual damage as a result, then you must return an award of nominal damages (such as one dollar). In other words, if you find for the plaintiff on any of the claims in count 1, you must award either compensatory or nominal damages. You may not, however, award both.

Again, this instruction applies only to count 1.

## DAMAGES—FEDERAL CIVIL RIGHTS—PUNITIVE DAMAGES

If you find that the plaintiff is entitled to either compensatory or nominal damages, you should consider whether to make an additional award of punitive damages.

Punitive damages are different from compensatory damages, such as damages for physical injuries. Unlike compensatory damages, which compensate the victim for the harm he has suffered, the purpose of punitive damages is to punish the defendants because they engaged in conduct that warrants condemnation and deterrence.

Punitive damages should not be awarded simply because you conclude that the defendant acted wrongfully toward the plaintiff. Instead, punitive damages may be awarded only for conduct that is particularly outrageous or egregious, either because of the defendant's evil motive or because of his reckless indifference to the rights of others. In order to award punitive damages, there must be conduct so offensive that it justifies punishment and not merely compensation.

An award of punitive damages is discretionary; that is, if you find that the requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

Any award of punitive damages must be reasonable and proportionate to the amount of harm caused to the plaintiff and to any other damages you choose to award.

DAMAGES—ALL COUNTS—NO AWARD FOR TAXES OR COSTS OF LAWSUIT

Any award of damages in this case is exempt from federal and state income tax; therefore, you should not include in any award any compensation to cover any income tax liability. You should not include in any award any compensation for attorneys' fees or court costs or expenses.

DAMAGES—ALL COUNTS—DEFENDANT'S ABILITY TO PAY AWARD

If you decide to award damages to the plaintiff, the amount of damages that you choose to award should be based entirely on the considerations I've set forth in these instructions. You should not consider who will ultimately pay the award you provide or the individual defendants' ability to pay.

## FOREPERSON'S ROLE; UNANIMITY

I come now to the last part of the instructions, the rules for your deliberations. When you retire, you will discuss the case with the other jurors to reach agreement if you can do so. You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court. Your verdict as to each claim must be unanimous—that is, all of you must agree on the verdict.

# REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

It is important that you reach a verdict if you can do so conscientiously. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination. Do not surrender an honest assessment as to the weight and effect of the evidence simply to reach a verdict.

RETURN OF VERDICT FORM

I want to explain to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

[The court explains the verdict form.]

After you have reached a unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send through the jury officer a note signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question.

When you are communicating with me, please do not tell me—or anyone else—how the jury stands numerically or toward which decision the jury is leaning.